ANNETTE KINGSLAND ZIEGLER, J.
¶ 55. (concurring). I join the majority opinion, but concur and go further to conclude that even if a seizure were to have occurred, the officer was acting as a community caretaker at the time of the seizure.
¶ 56. "Officers may exercise two types of functions: law enforcement functions and community caretaker functions." State v. Pinkard, 2010 WI 81, ¶ 18, 327 Wis. 2d 346, 785 N.W.2d 592 (citing Cady v. Dombrowski, 413 U.S. 433, 441 (1973)). Officers acting in their community caretaker capacity "may be constitutionally permitted to perform warrantless searches *375 and seizures." Id., ¶ 14 (citing Cady, 413 U.S. at 448; State v. Ziedonis, 2005 WI App 249, ¶ 14, 287 Wis. 2d 831, 707 N.W.2d 565). The exception exists, in part, because " '[a]n officer less willing to discharge community caretaking functions implicates seriously undesirable consequences for society at large.'" Id., ¶ 33 (quoting State v. Horngren, 2000 WI App 177, ¶ 18, 238 Wis. 2d 347, 617 N.W.2d 508).
¶ 57. An officer is engaged in a "bona fide community caretaker function" only if that officer has "an objectively reasonable basis" to conclude "that a motorist may have been in need of assistance" at the time of the stop. State v. Kramer, 2009 WI 14, ¶¶ 36-37, 315 Wis. 2d 414, 759 N.W.2d 598. Further, the exception to the warrant requirement is satisfied only if "the officer's exercise of a bona fide community caretaker function was reasonable." Id., ¶ 40 (citing State v. Kelsey C.R., 2001 WI 54, ¶ 35, 243 Wis. 2d 422, 626 N.W.2d 777). This requires courts to "balanc[e] a public interest or need that is furthered by the officer's conduct against the degree of and nature of the restriction upon the liberty interest of the citizen." Id. In balancing these interests, courts consider the following factors:
(1) the degree of the public interest and the exigency of the situation; (2) the attendant circumstances surrounding the seizure, including time, location, the degree of overt authority and force displayed; (3) whether an automobile is involved; and (4) the availability, feasibility and effectiveness of alternatives to the type of intrusion actually accomplished.
Id., ¶ 41.
¶ 58. With respect to the first factor, "the public has a substantial interest in ensuring that police assist motorists who may be stranded...." Kramer, 315 Wis. 2d 414, ¶ 42. Police assistance to motorists is " 'not *376 only authorized, but constitute^] an important duty of law enforcement officers.'" Id. (quoting State v. Goebel, 103 Wis. 2d 203, 208, 307 N.W.2d 915 (1981)). Thus, the first factor weighs in favor of the reasonableness of Officer Small's exercise of the community caretaker function.
¶ 59. With respect to the second factor, Officer Small was checking on the occupants of a vehicle parked at the top of a boat ramp in a closed park at approximately 1:00 on Christmas morning.[1] The presence of the vehicle in a closed park, at that hour, and at that time of the year, was unusual at a minimum. Under the totality of the circumstances, it was objectively reasonable for Officer Small to conclude that the occupants of the vehicle might be in need of assistance.[2] Further, as the majority opinion properly notes, Officer Small used a minimum of overt authority and force in contacting the driver of the vehicle. Majority op., ¶¶ 40-44. The second factor thus weighs in favor of the reasonableness of Officer Small's conduct.
¶ 60. The third factor also militates in favor of finding that Officer Small acted reasonably, as the case at issue involves an automobile. See Kramer, 315 *377 Wis. 2d 414, ¶ 44. As this court has stated, "a citizen has a lesser expectation of privacy in an automobile," and so the privacy interest at issue weighs less heavily against the officer. Ziedonis, 287 Wis. 2d 831, ¶ 31.
¶ 61. Finally, in considering the fourth factor, Officer Small had no other reasonable alternatives for discharging his community caretaker function. See Kramer, 315 Wis. 2d 414, ¶ 45. Officer Small had to contact the driver of the vehicle in order to determine whether he was in need of assistance. As discussed, the manner of that contact was reasonable. The fourth factor thus weighs in Officer Small's favor as well. Thus, I conclude that Officer Small's conduct in the case at issue was a reasonable exercise of his community caretaker function.
¶ 62. Indeed, not only was Officer Small's checking on the occupants of the vehicle objectively reasonable, we also expect our officers to react to such situations in this way and not sit idly by with the hope that the occupants will be safe.
¶ 63. The facts in the case at issue are essentially identical to those in Kramer. Officer Small did not act in an overbearing or excessively intrusive manner. His behavior was constitutionally permissible. Officer Small simply walked up to the driver's side window of the vehicle to initiate contact with the driver. Under the circumstances presented, his action was "the only reasonable approach that [the officer] could take in performing this community caretaker function." Kramer, 315 Wis. 2d 414, ¶ 44. As a result, I conclude that Officer Small's conduct was justified under the community caretaker exception.
¶ 64. For the foregoing reasons, I concur.
*378 ¶ 65. I am authorized to state that Justices PATIENCE DRAKE ROGGENSACK and MICHAEL J. GABLEMAN join this concurrence.

 While Officer Small testified that he thought the vehicle was "suspicious," we have held that when" 'an objectively reasonable basis for the community caretaker function is shown, that determination is not negated by the officer's subjective law enforcement concerns.'" State v. Pinkard, 2010 WI 81, ¶ 31 n.11, 327 Wis. 2d 346, 785 N.W.2d 592 (quoting State v. Kramer, 2009 WI 14, ¶ 30, 315 Wis. 2d 414, 759 N.W.2d 598).